**In re Michael D. EASH and
Tely D. Eash, Debtors.**

**Bankruptcy No. 98–02290.**

United States Bankruptcy Court,
D. Idaho.

Oct. 9, 1998.

---

490

## SUMMARY ORDER

TERRY L. MYERS, Bankruptcy Judge.

This matter comes before the Court upon the motion of the above named Debtors for an Order finding creditors Mike Gonzales and Helen Gonzales in contempt for violation of the automatic stay of § 362(a) of the Bankruptcy Code. The motion is brought pursuant to the enforcement provisions found at § 362(h) of the Code. That section provides:

(h) An individual injured by an willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

This matter first came on for hearing on September 21, 1998. At that time Mr. Gonzales appeared on his own behalf and requested a continuance of the matter in order that he might obtain counsel and defend the motion. Upon his request, the hearing was continued to October 8.

In continuing the matter, the Court expressly advised Mr. Gonzales of the need to be present at the continued hearing and of the seriousness of the alleged intentional violation of the automatic stay. Mr. Gonzales at all times expressed to the Court that he understood what he was being told. He also assured the Court he would so advise Mrs. Gonzales, who was not present at the hearing.

At the time set for hearing on October 8, Debtors' counsel appeared and was prepared to proceed with the continued hearing. No appearance was made by Mr. or Mrs. Gonzales or by any counsel on their behalf. Nor was the Court contacted with any request to vacate or further reschedule the hearing by either the Gonzales or by counsel acting on their behalf.

The matter is thus submitted upon the affidavits and declarations of the Debtors. The Court notes that the original Motion, served on the creditors, was verified by the Debtors.

The record establishes that Mrs. Gonzales was listed on the bankruptcy schedules and received notice of the filing of this case. That notice, consistent with Official Form 9, specifically advised creditors of the existence of the automatic stay and that collection activities were prohibited. The notice in this case states:

CREDITORS MAY NOT TAKE CERTAIN ACTIONS. A creditor is anyone to whom the debtor owes money or property. Under the Bankruptcy Code, the debtor is granted certain protection against credi-

tors. Common examples of prohibited actions by creditors are contacting the debtor to demand repayment, taking action against the debtor to collect money owed to creditors or to take property of the debtor, and starting or continuing foreclosure actions, repossessions, or wage deductions. If unauthorized actions are taken by a creditor against a debtor, the court may penalize that creditor. A creditor who is considering taking action against the debtor or the property of the debtor should review § 362 of the Bankruptcy Code and may wish to seek legal advice. The staff of the clerk of the bankruptcy court is not permitted to give legal advice.

Nothing in the record would indicate that either Mr. or Mrs. Gonzales failed to receive notice. The same address for them has been used throughout this case. Indeed, Mrs. Gonzales actually appeared at the first meeting of creditors which was held on August 21.

Subsequent to bankruptcy, these creditors contacted the Debtors in an attempt to collect their debt. After the first meeting of creditors, Mr. Gonzales contacted the Debtors' parents, by phone and in person, in a further attempt to collect the obligation owed by the Debtors.

Not only did these creditors have the official notice from the Court, quoted in part above, counsel for the Debtors also sent a letter dated July 23 advising the Gonzales that contacting the Debtors and attempting to collect the debt was a violation of the automatic stay.

■ The letter from Debtors' counsel and the Court's notice adequately advised these creditors as to the operation of the Code and the prohibition of collection activities. The activities of the Gonzales must be viewed in this context.

■ Section 362(h) mandates that the Court award actual damages, including costs and attorneys' fees, if an individual has been injured by a willful violation of the automatic stay. The record before the Court establishes that such a violation occurred. By failing to appear on October 8 despite the Court's express admonishment at the time of the first hearing, and by filing no opposition to the Motion, the Gonzales have not put any of the Debtors' factual allegations at issue.

■ Debtors have not alleged that any specific injury has been suffered other than the need for them to seek Court relief in order to stop the prohibited contact. They therefore have asked only for an award of costs and attorneys' fees incurred in that regard.

An affidavit of costs and fees was submitted requesting an award in the amount of $679.80. The attachment breaks down the time spent by Debtors' counsel in regard to conferring with his clients, preparing the pleadings regarding the stay violation, and appearing for court hearings thereupon. In review of that itemization, there is a reference to a "9–8–98" court appearance. The Court file does not reflect any hearing that date and this itemized entry will be disallowed. However, counsel was required to, and did, appear for the October 8 hearing, which was scheduled solely due to Mr. Gonzales' request. No itemization has been made regarding that extra appearance and the Court will therefore take into account the reasonable costs and fees incurred in that context.

Based upon a review of the itemization and in light of the foregoing, Debtors shall have recovery, under § 362(h), of attorneys' fees in the amount of $500.00 and costs in the amount of $64.80 for a total recovery of $564.80. Creditors Michael Gonzales and Helen Gonzales are jointly and severally liable for payment of the award of $564.80. Such amount shall be payable to Debtors' counsel on behalf of the Debtors.

IT IS SO ORDERED.